# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| LOCAL 109 BOARD OF TRUSTEES OF | ) | CASE NO. 5:15-cv-2361 |
| THE OPERATIVE PLASTERERS AND | ) | |
| CEMENT MASONS PENSION FUND, | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| ALL AMERICAN ACOUSTIC AND | ) | |
| DRYWALL, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court are fully-briefed motions: defendant's two-part motion to dismiss and for judgment on the pleadings (Doc. No. 12 ["DMJP"])[1] and plaintiff's two-part countermotion for judgment on the pleadings and for a mandatory award of fees and costs (Doc. No. 17 ["PMJP"]).[2]

For the reasons set forth below, plaintiff's motion (Doc. No. 17) is denied in its entirety, without prejudice. Defendant's motion, to the extent it seeks dismissal for failure to state a claim (Doc. No. 12 part 1), is granted; to the extent the motion seeks judgment on the pleadings (Doc. No. 12 part 2), it is denied.

Before entering a final dismissal order, the Court will permit plaintiff an opportunity to amend the complaint within fourteen (14) days of this order.

---

[1] Plaintiff's opposition is Doc. No. 17, which is also its own motion ("PMJP"); defendant's reply is Doc. No. 18 ("DReply"); plaintiff's surreply, filed with leave, is Doc. No. 20 ("PSurR").

[2] Defendant's opposition is Doc. No. 22 ("DOpp'n"); plaintiff's reply is Doc. No. 23 ("PReply").

## I. BACKGROUND

On November 18, 2015, plaintiff, the Board of Trustees of a multiemployer pension fund ("the Fund"), filed its complaint for withdrawal liability under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.* (Doc. No. 1, Complaint ["Compl."].) The complaint is accompanied by several exhibits, ostensibly intended to elaborate on and expand its factual allegations. These exhibits are properly considered by the Court.[3] The gravamen of the complaint is that defendant, All American Acoustic and Drywall, Inc., is liable to the Fund, as the "successor employer," for the "withdrawal liability" of the dissolved and now non-existent In-Exteriors, Inc. ("In-Exteriors"). (Compl. ¶ 1.) Defendant filed its answer, denying that it is the successor to In-Exteriors and/or that it has any withdrawal liability to the Fund. (Doc. No. 7, Answer ["Answer"]) ¶ 1.)[4]

In-Exteriors was an employer incorporated under the laws of the State of Ohio that maintained its principal place of business in Akron, Ohio. (Pleadings ¶ 7.) In-Exteriors executed various collective bargaining agreements ("CBAs") under which it was required to submit contributions to the Fund on behalf of the company's participating employees and their

---

[3] In ruling on a motion to dismiss or for judgment on the pleadings, a court "may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Coll. Ath. Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)); *see also Thomas v. Publishers Clearing House, Inc.*, 29 F. App'x 319, 322 (6th Cir. 2002) (noting that Fed. R. Civ. P. 10(c) "allows the incorporation of exhibits or writings attached to a pleading, and makes them an integral part of the pleadings for all purposes[]") (internal quotes and citation omitted).

But, even assuming for purposes of these motions that the letter exhibits attached to the complaint may be considered part of the pleadings, taking them into consideration when ruling on the motions "does not necessarily mean that all statements set forth therein must be accepted as true." *Core v. Champaign Cnty. Bd. of Cnty. Comm'rs*, No. 3:11-cv166, 2012 WL 3073418, at *3 (S.D. Ohio July 30, 2012) (citing *Jones v. City of Cincinnati*, 521 F.3d 555, 561 (6th Cir. 2008) ("treating [attachments] as part of a pleading does not mean that we assume everything [stated in an attachment to a pleading] is true.")) (alteration in original).

[4] Since the allegations of each numbered paragraph of the Complaint are matched by a response in an identically-numbered paragraph in the Answer, the Court will refer hereafter to the Complaint and the Answer, collectively, as the "Pleadings," with a relevant paragraph number citation.

beneficiaries. (*Id.* ¶ 10.) The statutory agent for defendant, Ms. Jodie Lynn Oates ("Ms. Oates"), is an executive officer of defendant and was also an executive officer of In-Exteriors. (*Id.* ¶¶ 12-14.) Plaintiff alleges, but defendant denies, that Ms. Oates was fully aware of the financial obligations of In-Exteriors to the Fund. (*Id.* ¶ 14.)

On or about March 25, 2013, In-Exteriors was dissolved as an active domestic company and permanently ceased making contributions to the Fund, having no further obligation to do so, and thereby effectuated a complete withdrawal from the Fund. (*Id.* ¶ 15.) At the time of its withdrawal from the Fund, In-Exteriors was engaged in the trade or business of dry walling and related industries. (*Id.* ¶ 16.) Defendant is currently in that same trade or business. (*Id.* ¶ 17.) Plaintiff alleges, but defendant denies, that defendant is the "successor employer" to the now-defunct In-Exteriors. (*Id.* ¶ 18.)

The Fund notified Ms. Oates and defendant of the withdrawal liability assessment by letters dated November 20, 2014 and December 31, 2014, and indicated that defendant could pay in monthly installments beginning on January 1, 2015. (*Id.* ¶¶ 19, 20; Compl. Exs. A and B.) The Fund again notified Ms. Oates and defendant of the withdrawal liability assessment by letter dated July 29, 2015. (*Id.* ¶ 21; Compl. Ex. C.) Defendant, through counsel, responded to the Fund by letter dated September 17, 2015. (*Id.* ¶ 22, Compl. Ex. D.) The Fund responded to defendant's letter by its own letter dated September 24, 2015, again asserting its claim against defendant for withdrawal liability. (*Id.* ¶ 23; Compl. Ex. E.) Finally, by letter dated October 19, 2015, the Fund asserted its claim and requested a response from defendant by November 1, 2015. (*Id.* ¶ 24; Compl. Ex. F.) There is no indication as to whether there was ever any response.

Under ERISA, defendant had 90 days from the date it received the initial notice of withdrawal liability assessment to request that the Fund review its initial determination.[5] (*Id.* ¶ 25.) If defendant had requested a review, it would have had 120 days from its request to demand arbitration.[6] (*Id.* ¶ 26.) As of the date of the filing of the complaint, defendant had made no withdrawal liability payment(s) and had not requested arbitration. (*Id.* ¶ 27.)

Plaintiff alleges, and defendant denies, that defendant is now in default as a matter of law. (*Id.* ¶¶ 31, 36, 39.) Plaintiff further alleges, and defendant further denies, that, due to its failure to request a review of the initial withdrawal liability assessment and to demand arbitration on a timely basis, defendant has forever waived its rights to challenge the Fund's withdrawal liability assessment. (*Id.* ¶ 35.)

## II. MOTION TO DISMISS/CROSS-MOTIONS FOR JUDGMENT ON THE PLEADINGS

Plaintiff argues that defendant waived its right to challenge the withdrawal liability assessment because it failed to seek reconsideration of the Fund's determination and/or to demand arbitration. In any event, based on the allegations of the complaint, as supported by the exhibits to the complaint,[7] plaintiff asserts that it is entitled to judgment on the pleadings.

---

[5] 29 U.S.C. § 1399(b)(2)(A) provides, in relevant part: "No later than 90 days after the employer receives the notice described in paragraph (1), the employer—(i) may ask the plan sponsor to review any specific matter relating to the determination of the employer's liability and the schedule of payments[.]"

[6] 29 U.S.C. § 1401(a)(1)(B), provides: "Any dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made [regarding withdrawal liability and reconsideration thereof] shall be resolved through arbitration. Either party may initiate the arbitration proceeding within a 60-day period after the earlier of – (A) the date of notification to the employer [of the reconsideration decision] under section 1399(b)(2)(B) of this title, or (B) 120 days after the date of the employer's request [for reconsideration] under section 1399(b)(2)(A) of this title."

[7] The reply (Doc. No. 18) filed by defendant with respect to its own motion also contains a motion to strike the exhibits to the complaint. Due to the way the document was filed, it is not reflected on the docket as a motion, much less a pending motion. Nonetheless, for the sake of thoroughness, this motion to strike is **denied**.

Defendant asserts that plaintiff has not adequately alleged that it is a "successor employer" to the now-defunct In-Exteriors, a status defendant denies, and that it is, therefore, entitled to dismissal and/or judgment on the pleadings.

**A.     Defendant's Motion to Dismiss – Sufficiency of the Complaint Vis-a-Vis a Claim of Successor Liability**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 556, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). "'[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Top Flight Entm't, Ltd. v. Schuette*, 729 F.3d 623, 630 (6th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679). Further, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "The court need not, however, accept unwarranted

factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

In its motion, defendant argues, under the dictates of *Twombly* and *Iqbal*, that "a plaintiff seeking to impose successor liability on a separate corporate entity for the debts ascribed to another must plead facts showing a facial plausibility that allows the court to draw the reasonable inference that a defendant has some form of liability for the alleged misconduct." (DMJP at 120.)[8] Defendant asserts that the complaint merely alleges that defendant engages in the same trade or business as did In-Exteriors (which defendant admits), and that "[b]ased on reasonable knowledge and belief, Plaintiff understands that Defendant is the successor employer of the now defunct In-Exteriors, Inc." (*Id.* at 121, quoting Compl. ¶¶ 16, 17, 18.) Defendant argues that "[b]eyond the mere label and conclusion that [defendant] is the 'successor employer,' the Complaint offers no further factual enhancement demonstrating entitlement to relief against [defendant] that is plausible on its face." (*Id.*)

In opposition, plaintiff argues that, considering all of its allegations in light of the exhibits to the complaint, it has stated a plausible claim of successor liability.[9]

---

[8] All page number references are to the page identification number generated by the Court's electronic docketing system.

[9] Although the successor liability doctrine and the alter ego doctrine are not identical, case law discussing alter ego may be instructive where, as here, plaintiff is essentially arguing that defendant is "merely a disguised continuance of [In-Exteriors]." *Yolton v. El Paso Tennessee Pipeline Co.*, 435 F.3d 571, 586-87 (6th Cir. 2006) (quotes and citations omitted). "The alter ego doctrine was developed to prevent employers from evading obligations under the Act merely by changing or altering their corporate form." *N.L.R.B. v. Allcoast Transfer, Inc.*, 780 F.2d 576, 579 (6th Cir. 1986) (applying doctrine in context of National Labor Relations Act); *see also Michigan Elec. Emp. Pension Fund v. Encompass Elec. & Data, Inc.*, 556 F. Supp. 2d 746, 769-70 (W.D. Mich. 2008) (discussing the doctrine in the context of ERISA and the Labor Management Relations Act) ("[t]he doctrine is most commonly used in labor cases to bind a new employer that continues the operations of an old employer in those cases where the new employer is merely a disguised continuance of the old employer") (quotes and citation omitted).

6

The parties disagree as to whether successor liability should be judged against Ohio law or federal common law.[10] Defendant asserts in passing that applicability of federal common law "is in doubt." (DMJP at 122 n. 1, observing that the Sixth Circuit has declined to apply the federal successor liability doctrine in the ERISA context (citing *McCollum v. Life Ins. Co. of N. Am.*, 495 F. App'x 694, 706 n. 12 (6th Cir. 2012).) But, as properly pointed out by plaintiff, the court in *McCollum* stated that, because plaintiff "[did] not contend that successor liability in the ERISA context is different than common-law successor liability, [it would] not address that issue." (PMJP at 148.)

Which body of law applies is a relevant question because, generally speaking, the federal common law is somewhat more "relaxed" than most state laws or general common law with respect to an alleged successor's responsibility for its predecessor's liabilities. *See N.L.R.B. v. Fullerton Transfer & Storage Ltd., Inc.*, 910 F.2d 331, 336 (6th Cir. 1990) (in the context of plaintiff's attempt to apply an alter ego theory to enforce a back pay order against an employer's shareholders and a related corporation, the Sixth Circuit noted that "[i]n order to effectuate federal labor policies, the courts … have applied [certain legal theories] in a more relaxed, less exacting fashion than would be required under federal common law principles[]"). But at this point in the proceedings, when sufficiency of the pleadings is the issue, the Court need not decide which body of law applies since, under either one, the allegations would need to be roughly the same.

---

[10] Federal common law is "the judicial 'creation' of a special federal rule of decision." *Atherton v. F.D.I.C.*, 519 U.S. 213, 218, 117 S. Ct. 666, 136 L. Ed. 2d 656 (1997). "[N]ormally, when courts decide to fashion rules of federal common law, the guiding principle is that a significant conflict between some federal policy or interest and the use of state law … must first be specifically shown." *Id.* (quotes and citation omitted). "Federal common law has found a strong foothold in labor and ERISA cases, which require national uniform rules." *Bd. of Tr., Sheet Metal Workers' Nat'l Pension Fund v. Courtad, Inc.*, 5:12-cv-2738, 2014 WL 3613383, at *3 (N.D. Ohio July 18, 2014) (citation omitted).

The question now is whether the complaint is sufficient to state a claim of successor liability from both a notice and a plausibility standpoint under *Twombly* and *Iqbal*. Plaintiff argues that, in the series of letters attached to the complaint as exhibits, and in particular Ex. E, it refutes on several fronts defendant's assertion that it "is a separate company, with separate business, separate assets and is not a successor to In-Exteriors." (*See* Compl. Ex. E, Doc. No. 1-5 – asserting identical ownership, statutory agent, officers, business/mailing addresses, and trade/business, coupled with testimony before the bankruptcy court that defendant was performing In-Exteriors' work.)

The problem with plaintiff's argument is that the complaint does not actually allege any of the facts contained in the various letter-exhibits. For example, concentrating on Ex. E alone (as does plaintiff), the complaint merely alleges that plaintiff sent the letter on September 24, 2015 in response to defendant's letter dated September 17, 2015. (Compl. ¶ 23, referencing Ex. E.) The complaint does not allege any of the "facts" supposedly contained in Ex. E that arguably establish defendant's identity as a "successor employer." Defendant is left to guess exactly which facts plaintiff might be "incorporating" into the allegations of the complaint. The better practice, and the requirement of Rule 8, is to explicitly include every factual allegation among the numbered paragraphs of the complaint.

Accordingly, under the standards of *Twombly* and *Iqbal*, defendant is entitled to dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. That said, the Court further determines that plaintiff should be afforded an opportunity to amend, and the same will be granted as set forth in the conclusion to this order.

**B.      Either Party's Right to Judgment on the Pleadings**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal quotes and citation omitted).

"[W]hen a plaintiff moves for judgment on the pleadings, the motion should be granted if, 'on the *undenied* facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law.'" *Forgues v. Select Portfolio Servicing, Inc.*, No. 1:15-CV-1670, 2016 WL 543186, at *1 (N.D. Ohio Feb. 10, 2016) (quoting *Lowden v. County of Clare*, 709 F. Supp. 2d 540, 546 E.D. Mich. 2010) (additional citation omitted) (emphasis in original)). "In other words, if a defendant's answer admits, alleges, or fails to deny facts which, taken as true, would entitle a plaintiff to relief on one or more claims supported by the complaint, then the plaintiff's Rule 12(c) motion should be granted." *Lowden*, 709 F. Supp. 2d at 546 (citing *Nat'l Metro. Bank v. United States*, 323 U.S. 454, 456-57, 65 S. Ct. 354, 89 L. Ed. 383 (1945) (where, for purposes of plaintiff's motion for judgment on the pleadings, negligence was established where the answer alleged facts which, if true, showed negligence)).

9

Both parties move for judgment on the pleadings under Fed. R. Civ. P. 12(c), each arguing that it is entitled to judgment as a matter of law, and plaintiff adding the argument that defendant has waived its opportunity to challenge plaintiff's claims.[11]

In view of the decision above to grant defendant's motion to dismiss, but to permit plaintiff an opportunity to amend prior to the Court entering a dismissal order, both motions for judgment on the pleadings are denied without prejudice to renewal, if appropriate, following any amendment of the complaint.

### III. CONCLUSION

For the reasons set forth herein, each party's motion for judgment on the pleadings under Rule 12(c) is **denied without prejudice**. (Doc. No. 12 part 2; Doc. No. 17 part 1.) Plaintiff's motion for fees and costs is premature and is, therefore, also **denied without prejudice**. (Doc. No. 17 part 2.)

Further, defendant's Rule 12(b) motion to dismiss for failure to state a claim (Doc. No. 12 part 1) is **granted**; however, before the Court enters a dismissal order, plaintiff will be afforded fourteen (14) days from the date of this order to file an amended complaint.


**IT IS SO ORDERED**.

Dated: September 22, 2016

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[11] The Court explicitly notes that, even had the Court permitted plaintiff to move forward on the present complaint, it would be premature to consider whether defendant may have waived any rights to challenge successor withdrawal liability. Should plaintiff succeed in establishing that defendant is a "successor employer," that issue will remain for resolution.