# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| LOCAL 109 BOARD OF TRUSTEES OF THE OPERATIVE PLASTERERS AND CEMENT MASONS PENSION FUND, | ) ) ) ) ) | CASE NO. 5:15-cv-2361 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | MEMORANDUM OPINION AND ORDER |
| ALL AMERICAN ACOUSTIC AND DRYWALL, INC., | ) ) ) | |
| DEFENDANT. | ) | |

Presently before the Court is the motion of defendant All American Acoustic and Drywall, Inc. to dismiss the complaint of plaintiff Local 109 Board of Trustees of the Operative Plasterers and Cement Masons Pension Fund pursuant to Fed. R. Civ. P. 41(b) for failure to timely file the administrative record in accordance with the Court's case management plan. (Doc. No. 25 ["Mot."].) Plaintiff opposed the motion and moves the Court to conduct a second case management conference. (Doc. No. 27 ["Opp'n"].) Defendant filed a reply in support of its motion. (Doc. No. 28 ["Reply"].)

For the reasons that follow, defendant's motion is denied.

**A. Background**

The Court previously conducted a case management conference and issued a case management plan. (Doc. No. 16 ["CMP"].) The CMP required plaintiff to file the administrative record by August 12, 2016.

When the CMP was issued, the parties' two-part cross-motions for judgment were not yet ripe. (*See* Doc. Nos. 12 and 17.) After the extensive briefing was completed,[1] the Court issued its ruling on September 22, 2016. In that ruling, the Court denied without prejudice both motions for judgment on the pleadings, and granted plaintiff an opportunity to avoid dismissal of its complaint by filing an amended complaint within 14 days. (*See* Doc. No. 24 at 245.[2]) Before plaintiff timely filed its amended complaint (Doc. No. 26), defendant filed the instant motion.

Defendant argues that the case should be dismissed with prejudice because plaintiff did not file the administrative record by August 12, 2016, in compliance the Court's CMP. Plaintiff does not dispute that it did not, and has not, filed the administrative record. Plaintiff argues that the case should not be dismissed, however, because: (1) since the parties' dispositive motions were pending when the administrative record was due to be filed, "it seemed reasonable at the time" to wait for the Court to rule on the dispositive motions before incurring the expense of compiling and filing the administrative record with the Court; and (2) a rule 41(b) dismissal at this stage of the litigation would be unwarranted and premature. (Opp'n at 331-32.) Plaintiff also points out that defendant did not object to plaintiff's failure to file the administrative record by August 22, 2016, the deadline set by the CMP for defendant's objections to the CMP. Moreover, plaintiff claims that "there is not much else Plaintiff can provide as part of the administrative record other than what the Court already has[,]" referring to assessment letters and calculations already filed with the original complaint. (*Id.* at 334.) In reply,

---

[1] *See* Doc. Nos. 18, 20, 21, 22, and 23.

[2] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

defendant argues that plaintiff's failure to comply with the CMP was willful and not due to inability or mistake, and dismissal is appropriate, citing in support *Triplett v. United States*, No. C2-95-1192, 1997 WL 842418, at *1 (S.D. Ohio Dec. 29, 1997).[3] (Reply at 360.)

**B. Discussion**

### 1. Fed. R. Civ. P. 41(b)

Fed. R. Civ. P. 41(b) provides that:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

The Court consider four factors when deciding whether to dismiss an action under Rule 41(b):

> '(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.'

*Jarmon v. Intuitive Surgical, Inc.*, No. 3:15-CV-00334-CRS-DW, 2017 WL 939325, at *1 (W.D. Ky. Mar. 9, 2017) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)); *Carthon v. Cent. State Univ.*, 290 F.R.D. 83, 87 (S.D. Ohio 2013) (same) (citing *Knoll*, 176 F.3d at 363); *Komaromy v. City of Cleveland*, 232 F.R.D. 590,

---

[3] *Triplett* is distinguishable from the facts in this case. Unlike here, Triplett repeatedly refused to follow the court's order, failed to explain his non-compliance, and engaged in a clear pattern of delay. *Triplett,* 1997 WL 842418, at *3 ("Despite various warnings, plaintiff has repeatedly indicated a desire not to prosecute this action with diligence and therefore dismissal is appropriate under Rule 41(b).").

592 (N.D. Ohio 2006) (same) (citing *Mulbah v. Detroit Bd. of Educ.,* 261 F.3d 586, 589 (6th Cir. 2001)).

### 2. Analysis

"'Although typically none of the factors is outcome dispositive . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Carthon*, 290 F.R.D. at 87 (quoting *Knoll,* 176 F.3d at 363). With respect to the first factor, "[t]o support a finding that a plaintiff's actions were motivated by willfulness, bad faith, or fault under the first factor, the Sixth Circuit has found that a plaintiff's conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" *Carthon*, 290 F.R.D. at 87 (quoting *Wu v. T.W. Wang, Inc.,* 420 F.3d 641, 643 (6th Cir. 2005)). While plaintiff's decision to unilaterally alter the schedule established by the Court was improper and ill-advised, plaintiff's single failure to timely file the administrative record does not constitute a clear record of delay, contempt for the Court's orders, and intent to thwart judicial proceedings with a reckless disregard to the consequences of its conduct. *See Wu,* 420 F.3d at 643 (6th Cir. 2005); *Harmon v. CSX Transp., Inc.,* 110 F.3d 364, 368 (6th Cir. 1997). The first factor weighs against dismissal.

With respect to the second factor, defendant contends that plaintiff's failure to file the administrative record deprives defendant of the opportunity to properly defend this matter, and that it has already incurred the expense of attending a case management conference and should not have to incur additional expenses of preparing for and attending another as a consequence of plaintiff's non-compliance. This argument is not

persuasive. If the Court permits plaintiff to file the administrative record under a revised CMP, defendant will not be deprived of any opportunity to defend itself as the case goes forward. The prejudice to defendant as a consequence of a revised CMP at this early stage in the case is *de minimis*. Thus, this factor weighs against dismissal.

As to the third factor, plaintiff was not warned by the Court in advance that failure to file the administrative record by August 12, 2016 would result in dismissal of the case. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) ("'[p]rior notice, or the lack thereof, is . . . a key consideration' in determining whether a district court abused its discretion in dismissing a case for failure to prosecute[]") (quoting *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). "The Sixth Circuit 'has repeatedly reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further non-compliance would result in dismissal.'" *Carthon*, 290 F.R.D. at 87 (S.D. Ohio 2013) (quoting *Wu*, 420 F.3d at 644). This factor also weighs against dismissal. As to the fourth factor, given the Court's analysis of the three prior factors, consideration of a lesser sanction than dismissal is warranted in this case.

After balancing the above factors, the Court concludes that dismissal of this case because plaintiff failed to timely file the administrative record in accordance with the CMP is not warranted at this time. That said, parties and their counsel are reminded and cautioned that it is for the Court, not the parties, to set the dates and deadlines for the management of this case. If the parties desire to modify the case management plan established by the Court, they must move the Court to alter the schedule.  Future non-compliance with the Court's orders may result in sanctions.

**C. Conclusion**

For all of the foregoing reasons, defendant's motion to dismiss pursuant to Fed. R. Civ. P. 41(b) is denied. The Court will issue an amended case management plan by separate order, which will include a revised date by which plaintiff must file the administrative record. Plaintiff is advised that the administrative record must be separately (and timely) filed; plaintiff may not simply refer to previously filed documents to satisfy this obligation. Failure of plaintiff to comply with Court orders or to meet case deadlines may result in sanctions, up to and including dismissal.

Given that the Court will established new case management deadlines, plaintiff's motion for a second case management conference is denied. (Doc. No. 27.)

**IT IS SO ORDERED**.

Dated: July 20, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**