UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LOCAL 109 BOARD OF TRUSTEES OF THE OPERATIVE PLASTERERS AND CEMENT MASONS PENSION FUND, | ) CASE NO. 5:15-cv-2361 ) ) ) |
| PLAINTIFF, | ) JUDGE SARA LIOI ) ) |
| vs. | ) ) ) **MEMORANDUM OPINION** |
| ALL AMERICAN ACOUSTIC AND DRYWALL, INC., | ) **AND ORDER** ) |
| DEFENDANT. | |

Before the Court is the motion for summary judgment and mandatory award of damages filed by plaintiff Local 109 Board of Trustees of the Operative Plasterers and Cement Masons Pension Fund ("Local 109"). (Doc. No. 35 ["Mot."]; Doc. No. 40 (Supplement Motion for Summary Judgment ["Supp."]).) Defendant All American Acoustic and Drywall, Inc. ("All American") opposes the pending motion. (Doc. No. 41 ["Opp'n"].) In its opposition, All American made a cross motion for summary judgment. (*Id.*) Local 109 replied to the opposition and opposed the cross motion for summary judgment. (Doc. No. 42 ["Reply"].)

This case was filed on November 18, 2015. The civil cover sheet accompanying the complaint identified the Employee Retirement Income Security Act ("ERISA") as the nature of suit. (*See* Doc. No. 1-8.) All American filed its answer one month later and the Court promptly issued the Case Management Conference Scheduling Order. (*See* Doc. No. 9.) It later became apparent that this order incorrectly identified the case as "an ERISA case . . . solely involving

review of an administrative record[,]" (*id*. at 102,[1] citing *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 619 (6th Cir. 1998) (Gilman, J., concurring)), and, therefore, involving "no discovery." (*Id.* at 103.) Although the initial CMC scheduling order stating that there would be no discovery, it provided counsel the opportunity to request discovery, stating, "If counsel are of the view that the circumstances of this case allow for limited discovery, they shall come to the CMC prepared to make their case in that regard and shall so indicate in the Report of Parties' Planning Meeting." (*Id.*) However, the parties (who are most familiar with the issues in the case) did not advise the Court that this is not a typical ERISA case, and that it would require discovery. Absent such notice, the Court adopted the "briefing only" case management plan proposed by the parties, with no discovery included in the schedule. (*See* Doc. No. 16, adopting dates proposed in Doc. No. 14, Report of Parties Planning Meeting.)

By the time of the case management conference, All American had filed a motion to dismiss for failure to state a claim and for judgment on the pleadings. (*See* Doc. No. 12.) Local 109 filed an opposition brief, which also included its own motion for judgment on the pleadings and for a mandatory award of fees and costs. (*See* Doc. No. 17.) These cross-motions were subsequently fully briefed. In the process, Local 109 sought leave to amend its complaint, which All American opposed.

On September 22, 2016, the Court issued a Memorandum Opinion and Order (Doc. No. 24 ["MOO"]) wherein it denied plaintiff's two-part motion without prejudice, and granted defendant's motion, to the extent it sought dismissal for failure to state a claim. But, the Court indicated that, "[b]efore entering a final dismissal order, the Court will permit plaintiff an

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

opportunity to amend the complaint within fourteen (14) days of this order." (MOO at 245.) Local 109 did file an amended complaint on October 5, 2016. (Doc. No. 26.)

The pending motion for summary judgment was originally styled as a "Motion for Judgment on the Administrative Record and for Mandatory Award of Damages." (Doc. No. 35.) During a telephone conference on June 7, 2018, the Court advised the parties of its belated discovery that this case, although brought under ERISA, is not the typical case involving review of an administrative record. Rather, it involves legal issues that must be properly adjudicated on a summary judgment standard. The Court indicated that the motion would be converted to one for summary judgment. The Court further advised Local 109 that only evidence permitted under Rule 56(c) would be considered in support of its summary judgment action. But Local 109 has failed to provide such evidence.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Due to the original mischaracterization of this case as a "briefing only" review of an administrative record, a mischaracterization that the parties failed to point out to the Court, no discovery has been conducted in this case which may only be resolved by summary judgment or trial. To avoid injustice through error, the Court establishes the following case management and trial schedule:

1. The parties will have 90 days from the date of this order to conduct discovery.
2. A final pretrial conference will then be held on December 20, 2018 at 10:00 a.m., and trial will begin on January 7, 2019, at 8:00 a.m. on a two-week, standby basis.

With that, each of the outstanding motions must be denied. (Doc. Nos. 35, 40, & 41.)

**IT IS SO ORDERED.**

Dated: August 29, 2018

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**